IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VINCENT HARRY SMALL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-23-1127-D |
| ) | |
| WILLIAM RANKINS, ) | |
| ) | |
| Respondent. ) | |

# **ORDER**

Before the Court is the Report and Recommendation [Doc. No. 25] issued by United States Magistrate Judge Amanda Maxfield Green pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Upon initial screening of the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 [Doc. No. 1], Judge Green recommends the dismissal without prejudice of the Petition for lack of jurisdiction. Judge Green finds: (1) Petitioner previously filed a habeas petition challenging the same criminal conviction; (2) he did not obtain prior authorization to file a second petition as required by 28 U.S.C. § 2244(b)(3); and (3) a transfer to the court of appeals is not in the interest of justice.

The record reflects that Petitioner has made no timely objection, even though he was informed of the right to object, the filing deadline, and the firm waiver rule. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). The Court therefore finds that Petitioner has waived further review of the Report and Recommendation. *See id.*; *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Further, the Court concurs in Judge Green's recommendation to dismiss the Petition for lack of jurisdiction

because it constitutes a second or successive petition subject to the requirements of 28 U.S.C. § 2244(b)(3), which are not satisfied, and a transfer to the court of appeals is not warranted.

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 25] is **ADOPTED** in its entirety. The action is dismissed without prejudice for lack of jurisdiction. A separate judgment shall be entered accordingly.[1]

**IT IS FURTHER ORDERED** that, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is denied.

---

[1] Petitioner's pending motions [Doc. Nos. 10, 19] are denied as moot.

**IT IS SO ORDERED** this 18th day of June, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge